UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE
CIVIL ACTION NO. _____

Removed from Knott Circuit Court
Civil Action No. 20-CI-00249

RYAN HALL and
HEATHER HALL, his wife                                                                                           PLAINTIFFS

v.                                         **NOTICE OF REMOVAL**

UNITED SERVICES AUTOMOBILE ASSOCIATION
d/b/a USAA CASUALTY INSURANCE COMPANY
and
GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY                   DEFENDANTS

\* \* \* \* \*

Defendant Garrison Property and Casualty Insurance Company, for its Notice of Removal from the Knott Circuit Court to the United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville, states:

1. On or about December 18, 2020, Plaintiffs Ryan Hall and Heather Hall filed a Complaint against USAA Casualty Insurance Company ("USAA CIC") and Garrison Property and Casualty Insurance Company ("Garrison") in the Knott County, Kentucky, Circuit Court, Civil Action No. 20-CI-00249. Garrison received service of the Civil Summons and Complaint on January 4, 2021. Copies of the Summons and Complaint are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2. Plaintiffs are now and were at all times relevant hereto, including at the time of filing this Notice of Removal and at the commencement of Civil Action No. 20-CI-0249, citizens of Kentucky.

3. Garrison is now and was at all times relevant hereto, including at the time of filing this Notice of Removal and at the commencement of Civil Action No 20-CI-0249, a Texas corporation with its principal place of business in Texas.

4. In their Complaint, Plaintiffs have alleged claims for breach of an insurance policy (claim titled "CONTRACT") and violations of Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230, and KRS 304.12-235 (claim titled "BAD FAITH"). The insurance policy under which and related to which Plaintiffs have alleged their claims was issued by Garrison to Ryan Hall. Attached hereto as Exhibit B is a true and correct copy of the Declarations Page for Rental Property Insurance Policy Number GAR 04200 34 97 80A0, with a policy period from 02/01/18 to 02/01/19, issued by Garrison to Ryan Hall ("the Policy").

5. Because Garrison issued the insurance Policy, and because USAA CIC did not issue the Policy, USAA CIC has been "fraudulently joined" in this action, as that term is applied under controlling federal authority, and the citizenship of USAA CIC should not be considered in determining this court's subject matter jurisdiction. Under Kentucky law, both of Plaintiffs' claims would lie, if at all, only against the insurance company that issued the insurance policy.[1]

6. However, should the citizenship of USAA CIC be considered: USAA CIC is now and was at all times relevant hereto, including at the time of filing this Notice of Removal and at

---

[1] "In order to prevail in a bad faith claim, [a plaintiff] must prove that: 1) [the insurer] was obligated under the policy to pay; 2) [the insurer] lacked a reasonable basis in law or fact for denying the claim; and 3) [the insurer] knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether a reasonable basis existed at all." *Baymon v. State Farm Ins. Co.*, No. 4:03CV-184-M, 2006 U.S. Dist. LEXIS 72490, at *6 (W.D. Ky. Oct. 2, 2006) (McKinley, J.), *aff'd* 257 Fed. Appx. 858 (6th Cir. 2007). The Supreme Court of Kentucky has held: "Without that obligation [to provide coverage], the bad faith claim must fail as a matter of law." *Travelers Indemnity Co. v. Armstrong*, 565 S.W.3d 550, 568 (Ky. 2018).

the commencement of Civil Action No 20-CI-0249, a Texas corporation with its principal place of business in Texas.[2]

7.  This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)(1) and is one that Garrison can may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) because this is an action between citizens of different states and the amount in controversy threshold has been met.

8.  The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  On their breach of contract claim, Plaintiffs seek recovery for the total loss due to fire of the rental property insured under the Policy, which has coverage limits of $282,000.00 for the Dwelling and $28,200.00 for Other Structures, and the dispute here concerns whether Plaintiffs are entitled to that coverage.  In addition to seeking a judgment under the Policy, Plaintiffs also allege that they are entitled to compensatory damages, punitive damages, and statutory attorney's fees and interest – all under the Bad Faith claim in the Complaint.

9.  This Notice of Removal is filed within thirty (30) days of service of process on Garrison, and within thirty (30) days of Garrison's receipt of service of the Complaint.

10. This Notice of Removal is filed by Garrison in accordance with 28 U.S.C. §§ 1441 and 1446.

11. A copy of this Notice of Removal is being filed with the Clerk for the Knott Circuit Court in Kentucky and served upon counsel of record.

                                                Respectfully submitted,

                                                /s/ Robert L. Steinmetz
                                                Robert L. Steinmetz

---

[2] Plaintiffs have named USAA CIC and United Services Automobile Association ("USAA") as one entity, but they are separate.  Regardless, USAA did not issue the insurance policy at issue, and therefore its citizenship should be disregarded for the same reason as that of USAA CIC.  To the extent required, the undersigned counsel is authorized to advise the Court that USAA CIC (and USAA if considered a party) consents to this removal.

        rsteinmetz@gsblegal.com
        Alexander J. Kuebbing
        akuebbing@gsblegal.com
        Gwin Steinmetz & Baird PLLC
        401 West Main Street, Suite 1000
        Louisville, Kentucky 40202
        (502) 618-5700

        *Counsel for Garrison Property and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a copy of the foregoing to:

Keith Bartley, vanoverhall@bellsouth.net
Vanover, Hall & Bartley, P.S.C.
P. O. Box 1378
Prestonsburg, KY  41653

        s/Robert L. Steinmetz