UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE
CIVIL ACTION NO. 7:21-CV-00004-DLB

RYAN HALL and
HEATHER HALL, his wife     PLAINTIFFS

v.     **PLAINTIFFS' MOTION FOR REMAND**

UNITED SERVICES AUTOMOBILE ASSOCIATION
d/b/a USAA CASUALTY INSURANCE COMPANY
and
GARRISON PROPERTY AND CASUALTY INSURANCE     DEFENDANTS

Come the Plaintiffs, by counsel, and move the Court for remand to the Knott Circuit Court based upon 28 U.S.C. Sec. 1332(a)(1). In support of this Motion, the Plaintiffs state as follows:

Plaintiffs filed their Complaint against the Defendants in the Knott Circuit Court, Knott County, Kentucky, on December 18, 2020. It is designated as Civil Action No. 20-CI-00249.

1. On January 25, 2021, Defendant Garrison Property and Casualty Insurance Company, hereinafter referred as "Garrison", filed its Notice of Removal with this Court. Its co-defendant, USAA Casualty Insurance Company, consented to the removal.

2. Garrison, in its Notice, pleads that it is a Texas Corporation and that it issued the contract of insurance in question in this matter. It further contends that its co-defendant has been "fraudulently joined".

3. Garrison contends that removal is appropriate because of the amount in controversy and the diversity of citizenship of all parties pursuant to 28 U.S.C. Sec. 1441(a).

4. On or about January 29, 2021, this Court entered an Order for Garrison to show cause why this action should not be remanded for lack of removal jurisdiction. Further, this Court's Order directed that Garrison's response explain why USAA is fraudulently joined if USAA's inclusion as a Defendant does not destroy diversity.

5. On January 25, 2021 pursuant to Fed. R.Civ.P. Rule 7.1, Garrison filed its corporate disclosure statement noting that it was a Texas corporation and was a wholly owned subsidiary of USAA Casualty Insurance Company. It further noted that USAA Casualty Insurance Company is a Texas Corporation that is a wholly owned subsidiary of United Services Automobile Association ("USAA"). USAA is an unincorporated association.

6. With regard to citizenship, the Court's Order makes reference to <u>Delay v. Rosenthal Collins Grp., LLC</u>, 585 F. 3d 1003 (6th Cir. 2009), for the rule that membership in an unincorporated entity determines citizenship.

7. The Plaintiffs have been communicating with the Defendants for a significant period of time prior to the filing of their Complaint. Exhibit 1 is the first page of correspondence from USAA to Plaintiff Ryan Hall dated March 6, 2019. It identifies Ryan Hall has a USAA policyholder. It also lists a "member number" for Ryan Hall. It thanks him "…for trusting USAA for your insurance needs."

8. Exhibit 2 is correspondence to Ryan Hall dated March 7, 2019. The correspondence begins by thanking Mr. Hall "…for trusting USAA with your insurance needs." The correspondence is signed by a "Member Service Representative" and mentions Garrison Property and Casualty Insurance Company.

9. Exhibit 3 is a two-page letter from legal counsel to Ryan Hall dated December 30,

2019. The letter identifies the client as USAA Insurance Company, and it advises that USAA has asked that law firm to investigate and evaluate Mr. Hall's claim. The letter indicate that USAA is investigating all related details. It also explains Mr. Hall's duty to cooperate under "Your USAA policy…." The correspondence notes a copy being sent to USAA Insurance Company.

10. Exhibit 4 is an e-mail to Heather Hall dated March 19, 2020 from USAA Claims. The subject line lists "Review Your USAA Property Claim."

11. Exhibit 5 is the first page of correspondence dated March 19, 2020 to Ryan Hall that contains the same USAA policyholder and member number as Exhibit 1. Exhibit 5 also thanks Mr. Hall for "trusting USAA for your insurance needs."

12. Exhibit 6 is a two-page correspondence to Plaintiff Ryan Hall dated July 27, 2020. It notes that "Your claim for … are pending USAA to conclude the investigation." However, the document is signed by Terry r. Stout, Jr. of Garrison Property and Casualty Insurance Company.

13. Exhibit 7 is correspondence to undersigned counsel for the Plaintiffs dated August 7, 2020. It identifies Ryan Hall as a USAA policyholder, but it is also signed by Mr. Stout.

14. Exhibit 8 is correspondence to Plaintiff Ryan Hall dated September 9, 2020. It notes that "USAA is continuing the investigation into your claim." It further directs that any correspondence or questions "to us" be sent to usaa.com or to USAA Claims Department in San Antonio Texas.

15. Needless to say, the above referenced Exhibits, coupled with the corporate disclosures filed subsequent to the Notice of Removal, leave the citizenship question in a murky state. At the outset, Ryan Hall was referred to as a USAA policyholder and was assigned or had a USAA member number. Upon information and belief, the Plaintiffs aver that one must be a member of USAA in order to participate in any of its insurance business as a policyholder.

16. Based upon the record as it currently exists, the Plaintiffs assert that the Defendants have failed to establish that there is complete diversity between the Plaintiffs and Defendants. Therefore, this matter was improvidently removed from the Knott Circuit Court.

17. Pursuant to LR 7.1(e), the Plaintiffs submit their proposed Order pertaining to their Motion.

Wherefore, the Plaintiffs respectfully move the Court for an Order sustaining the Motion for Remand and remand this action to the Knott Circuit Court for further proceedings.

Respectfully submitted,

/s/ Jim G. Vanover
/s/ Keith Bartley
vanoverhall@bellsouth.net
Vanover, Hall & Bartley, P.S.C.
310 South Lake Drive
Prestonsburg, KY 41653
(606) 886-1428
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a copy to:

Robert L. Steinmetz, rsteinmetz@gsblegal.com