UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE
CIVIL ACTION NO. 7:21-cv-00004-DLB

RYAN HALL and
HEATHER HALL, his wife                                                                                    PLAINTIFFS

v.      **GARRISON'S RESPONSE TO
ORDER REGARDING DIVERSITY JURISDICTION**

UNITED SERVICES AUTOMOBILE ASSOCIATION
d/b/a USAA CASUALTY INSURANCE COMPANY
and
GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY           DEFENDANTS

\*   \*   \*   \*   \*

      This is an action to enforce an insurance policy contract, with an allegation that the insurer acted in bad faith in its handling of Plaintiffs' claim under the policy.  In its Order filed January 29, 2021 (Doc. #6), the Court ordered removing Defendant Garrison Property and Casualty Insurance Company ("Garrison") to show cause why this action should not be remanded for lack of removal jurisdiction, specifically:

(1) directing Garrison to clear up the inconsistency between Plaintiffs' allegation in their Complaint that Defendants are limited liability companies and Garrison's statement in the Notice of Removal that they are corporations; and

(2)  directing Garrison to explain why the other Defendant is fraudulently joined.

As established below, Garrison and USAA Casualty Insurance Company ("USAA CIC") are both corporations, not limited liability companies, with a Texas citizenship that is diverse from Plaintiffs' Kentucky citizenship, such that complete diversity exists and removal was proper regardless of whether USAA CIC was joined improperly.

Alternatively and additionally, if the Court considers the second Defendant to be United Services Automobile Association ("USAA") and not USAA CIC, that party was fraudulently joined because there is no colorable basis for predicting that Plaintiffs may recover against USAA.

## I. Citizenship

In their Complaint, Plaintiffs have alleged two claims against the insurance company that issued a "Rental Property Insurance" Policy ("the Policy") to them – breach of the insurance contract and bad faith by that insurer in handling their claim under the policy.  Plaintiffs have – erroneously and without support – alleged that both Garrison and USAA CIC issued the Policy and that both are limited liability companies.  In its Notice of Removal (Doc. #1), Garrison corrected both misstatements by clarifying that both Garrison and USAA CIC are Texas corporations, not limited liability companies, and that only Garrison issued the Policy to Plaintiff Ryan Hall.  The same information about Garrison and USAA CIC's corporate formation is affirmed in the Corporate Disclosure Statements (Doc. #s 3 and 9) filed by Garrison and USAA CIC.  In case there is any remaining doubt about this issue, attached hereto as Exhibit 1 is the Declaration of Nancy Reinhard verifying that both Garrison and USAA CIC are Texas corporations with their principal place of business in Texas.

## II. Fraudulent Joinder

There is only one insurance policy at issue here, as alleged in Plaintiffs' Complaint – the Rental Insurance Policy that is the subject of their "CONTRACT" cause of action.  As affirmed in the Notice of Removal and evidenced by the Declarations Page (Doc. #2) referenced in the Notice of Removal, the Policy under which Plaintiffs claim benefits was issued by Garrison, not

by USAA CIC or USAA.[1]  Yet, Plaintiffs sued "United Services Automobile Association d/b/a USAA Casualty Insurance Company" alleging that *it* also issued the Policy and is therefore liable for the payment of benefits under the Policy.  If, as it appears, Plaintiffs intended to sue the company doing business under the name USAA Casualty Insurance Company, then, as shown above, there is complete diversity of citizenship and the alternative issue of fraudulent joinder is moot.[2]

    Garrison added the reference to fraudulent joinder in its Notice of Removal to figuratively add a jurisdictional belt to the suspenders as an alternative means of establishing diversity.  Unlike Garrison and USAA CIC, USAA is neither a corporation nor a limited liability company; it is a reciprocal interinsurance exchange made up of its Members who reside across the United States.  If USAA, and not USAA CIC, is the second Defendant, then its citizenship must be ignored because it was fraudulently joined under the claims alleged in the Complaint.

    "Fraudulent joinder ... 'provides an exception to the requirement of complete diversity.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).  "A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Id.* (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).  "The relevant inquiry is whether there is a 'colorable basis for predicting that [Plaintiffs] may recover against [USAA]." *Casias*, 695 F.3d at 433 (quoting *Coyne*, 183 F.3d at 493).  When deciding a motion to remand involving fraudulent joinder allegations, the Court "appl[ies] a test

---

[1] Attached hereto as Exhibit 2 is a certified copy of the Policy.  The Declarations Page for the Policy was previously filed with Doc. #4.  *See also* the Declaration of Isaac Johnson verifying that Garrison is the insurer that issued the Policy.

[2] If Plaintiffs intended to sue USAA, then there would have been no reason to describe USAA as doing business under the name USAA CIC.  Therefore, Garrison's conclusion that USAA CIC is the other Defendant is the only logical one.

similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." "The court may look to material outside the pleadings for the *limited purpose* of determining whether there are 'undisputed facts that negate the claim." *Id.* (quoting *Walker v. Philip Morris USA, Inc.*, 443 Fed. App'x 946, 955- 56 (6th Cir. 2011); *Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013).

There is no colorable basis for predicting that Plaintiffs may recover against USAA on either of their claims – that USAA issued and breached the insurance contract and did so in bad faith. Plaintiffs allege that USAA sold the Policy to them and breached it by failing to provide coverage under the Policy. However, the Declarations Page on file, the full Policy, and the Declaration of Nancy Reinhard establish that the insurer under the Policy is Garrison, not USAA (or USAA CIC). On the other hand, Plaintiffs have correctly alleged that Garrison sold the Policy to them. Apparently, the allegation against USAA is one that arose out of Plaintiffs' uncertainty about the identity of the insurer, or out of Garrison's use of the "USAA" family logo and trade name; but the evidence described above has resolved any basis for uncertainty. Only one insurer issued the Policy, and only that insurer could have breached it.

Plaintiffs' bad faith claim against USAA also rests on the allegation that USAA was the insurer who issued the Policy and failed to perform under it. "In order to prevail in a bad faith claim, [a plaintiff] must prove that: 1) [the insurer] was obligated under the policy to pay; 2) [the insurer] lacked a reasonable basis in law or fact for denying the claim; and 3) [the insurer] knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether a reasonable basis existed at all." *Baymon v. State Farm Ins. Co.*, No. 4:03CV-184-M, 2006 U.S. Dist. LEXIS 72490, at *6 (W.D. Ky. Oct. 2, 2006) (McKinley, J.), *aff'd* 257 Fed. Appx. 858 (6th Cir. 2007). The Supreme Court of Kentucky has held: "Without that obligation

[to provide coverage], the bad faith claim must fail as a matter of law." *Travelers Indemnity Co. v. Armstrong*, 565 S.W.3d 550, 568 (Ky. 2018).

Having not issued the Policy, USAA cannot be obligated to Plaintiffs to pay for claims under the Policy. Therefore, it is clear that there can be no recovery against USAA on the causes alleged in the Complaint under the Policy facts as established and under the controlling law, and the Defendant other than Garrison (USAA or USAA CIC) should be dismissed from this action.

For all of the above reasons, diversity of citizenship jurisdiction exists, and the Court should retain jurisdiction over this action.

## DECLARATION UNDER 28 U.S.C. § 1746 (2)

I verify under penalty of perjury that the foregoing is true and correct. Executed on February 25, 2021.

/s/ Robert L. Steinmetz

        Respectfully submitted,

        /s/ Robert L. Steinmetz
        Robert L. Steinmetz
        rsteinmetz@gsblegal.com
        Alexander J. Kuebbing
        akuebbing@gsblegal.com
        Gwin Steinmetz & Baird PLLC
        401 West Main Street, Suite 1000
        Louisville, Kentucky 40202
        (502) 618-5700

        *Counsel for Garrison Property and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a copy to:

    Keith Bartley, vanoverhall@bellsouth.net
    Vanover, Hall & Bartley, P.S.C.
    P. O. Box 1378
    Prestonsburg, KY  41653

                                                        s/Robert L. Steinmetz