UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE
CIVIL ACTION NO. 7:21-cv-00004-DLB

RYAN HALL and
HEATHER HALL, his wife                                                          PLAINTIFFS

v.          **GARRISON'S RESPONSE TO
             MOTION TO REMAND**

UNITED SERVICES AUTOMOBILE ASSOCIATION
d/b/a USAA CASUALTY INSURANCE COMPANY
and
GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY          DEFENDANTS

\*   \*   \*   \*   \*

      This is an action to enforce an insurance policy contract, with an allegation that the insurer acted in bad faith in its handling of Plaintiffs' claim under the policy.  In its Order filed January 29, 2021 (Doc. #6), the Court ordered removing Defendant Garrison Property and Casualty Insurance Company ("Garrison") to (i) clear up the inconsistency between Plaintiffs' allegation in their Complaint that Defendants are limited liability companies and Garrison's statement in the Notice of Removal that they are corporations, and (ii) explain why the other Defendant is fraudulently joined.  Garrison responded (Doc. #s 12, 12-1, and 12-2) with proof that the citizenships of Garrison and the other Defendant, USAA Casualty Insurance Company ("USAA CIC"), are diverse to Plaintiffs' citizenship, and with proof that only Garrison issued the insurance policy under which Plaintiffs seek to recover.  In the interim, Plaintiffs filed their Motion to Remand (Doc. #11) on the ground that Garrison and USAA CIC's affiliation with United Services Automobile Association ("USAA") "leave[s] the citizenship in a murky state."

Plaintiffs' motion should be denied because Garrison is the only proper party to this insurance dispute and it is now undisputed that its citizenship is diverse from Plaintiffs' citizenship.

**I.   The claims alleged in the Complaint and the Exhibits to the Motion to Remand.**

In their Complaint, Plaintiffs have alleged two claims against the insurance company that issued a "Rental Property Insurance" Policy ("the Policy") to them – breach of the insurance contract and bad faith by that insurer in handling their claim under the policy. The following portions of the Complaint are relevant to Plaintiffs' motion:

- The introductory paragraph reads: "Come the Plaintiffs, RYAN HALL and HEATHER HALL, by and through counsel, and for their cause of action against Defendants, USAA Casualty Insurance Company and Garrison Property and Casualty Insurance Company, hereby state:".
- For their **CONTRACT** claim beginning on the second page, they allege:
    - "1.   Defendants, USAA and Garrison, sold a policy of insurance to Plaintiffs purporting to provide "Rental Property Insurance" thereby insuring Plaintiffs rental property located in Topmost, Knott County, Kentucky."
    - "6.   As a result of the fire loss, Plaintiffs made a claim for the benefits/coverages which they had paid for and which Defendants, USAA and Garrison had agreed to provide."
    - "10.   Plaintiffs are entitled to judgment against the Defendants pursuant to their insurance policy in an amount in excess of the jurisdictional amount for filing suit in this Court." [Second sentence relates only to damages].
- For their **BAD FAITH** claim beginning on the fourth page, they allege:

- o "11. The preceding allegations are restated and incorporated herein by reference."
- o "12. Following the destruction of their rental property by fire on or about December 21st, 2018, the Plaintiffs timely submitted a claim for available coverages to their insurers, the Defendants, USAA and Garrison."

(*See* Complaint, Doc. #1-1, beginning on page 3 of 8).

In moving to remand, Plaintiffs have attached to the motion several pieces of correspondence from Garrison concerning their rental property insurance policy claim, apparently to advance or suggest an argument or claim, not alleged in the Complaint, that the letters create confusion about whether Garrison or some other USAA affiliate is the proper insurer. Here is what the correspondence shows:

- At the top, left of each letter, Garrison is identified as the sender of the letter:



- On the Exhibits containing signatures[1], Garrison is identified as the sender (from Exhibit 2):

---

[1] Plaintiffs did not always include all pages of the correspondence to show signature blocks. For example, for Exhibit 1, they included only Page 1 of 4. Attached hereto as Exhibit 1 is the full March 6, 2019 Reservation of Rights letter, with the signature block identifying Garrison.

Sincerely,

Heidi L. Wright
Member Service Representative
Banking and Member Solutions
Garrison Property and Casualty Insurance Company

- The use of the trademarked USAA logo and reference is further explained below the signature blocks, with a sentence stating: "Garrison Property and Casualty Insurance Company, a subsidiary of USAA Casualty Insurance Company, is authorized to use the USAA logo, a registered trademark of United Services Automobile Association."

(*See, e.g.*, Doc. #10-2, page 2).

## II. Garrison is the only proper party, and diversity jurisdiction exists.

### A. Garrison, and only Garrison, is the insurer under the Policy.

There is no colorable basis for predicting that Plaintiffs may recover against any insurer other than Garrison, which issued the insurance policy under which Plaintiffs seek to collect.[2] The Declaration of Nancy Reinhard affirms that "Rental Property Insurance Policy No. GAR 04200 34 97 80A0 was issued to Ryan Hall by Garrison; it was not issued by USAA CIC or USAA." (Doc. #12-1, page 2, ¶9).[3] The same Declaration also affirms that, although Garrison

---

[2] Garrison and USAA CIC incorporate by reference the Response (Doc. #12) filed by Garrison to the Court's Order filed January 29, 2021 (Doc. #6) concerning the citizenship of Defendants.

[3] In deciding a motion to remand, the court applies "a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). The Court "may 'pierce the pleading'" and "look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Id.*

and USAA CIC may be affiliated with United Services Automobile Association, they are separate corporate entities. Further, the Declarations Page of the applicable Policy identifies Garrison as the insurer at the top of its first page (Doc. #12-2, page 4), and "we", "us", and "our" are defined in the Policy as the company providing the insurance (Doc. #12-2, page 22).[4] Therefore, there is no room for doubt that Garrison, and not USAA CIC (or USAA) is the insurer party to the contract that Plaintiffs seek to enforce.

There is only one insurance policy at issue here, as alleged in Plaintiffs' Complaint – the Rental Insurance Policy that is the subject of their "CONTRACT" cause of action. Yet, Plaintiffs sued "United Services Automobile Association d/b/a USAA Casualty Insurance Company" alleging that *it* also issued the Policy and is therefore liable for the payment of benefits under the Policy. If, as it appears, Plaintiffs intended to sue the company doing business under the name USAA Casualty Insurance Company, then, as shown in Garrison's Response (Doc. #12) to the prior Order, there is complete diversity of citizenship. The Introduction to the Complaint states that the second Defendant that Plaintiffs sued is USAA CIC, and it would be illogical to conclude otherwise. If Plaintiffs intended to sue USAA and not USAA CIC, then there would have been no reason to describe USAA as doing business under the name USAA CIC.

Furthermore, the documents attached as Exhibits to Plaintiffs' Motion to Remand do not provide any evidence that any party other than Garrison issued the Policy. They also do not contradict the proof that Garrison is the only party that could be obligated to pay benefits under

---

[4] Although Plaintiffs did not attach the Policy to their Complaint as an exhibit, it is considered part of their pleading. In *Commercial Money Center, Inc. v. Illinois Union Insurance Company*, 508 F.3d 327 (6th Cir. 2007), the Court explained that not only do documents attached to the pleadings become part of the pleadings, but also "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Id*. at 335-36. Plaintiffs cannot dispute that the Policy is the source of and therefore integral to their claims.

the Policy. The letters show Garrison as the sender, both at the top and in the signature blocks. They also provide an explanation of the references to the "USAA" trademark and logo. The letters neither change who issued the Policy nor indicate that it was any company other than Garrison. The best evidence of the parties to the contract – the Policy – shows only Garrison as the insurer.

Moreover, Plaintiffs' reference in their Motion to Remand to the Rule 7.1 Disclosures filed by Garrison and USAA CIC is entirely misplaced and irrelevant. Although not alleged in the Complaint, if Plaintiffs are contending that USAA CIC is liable under the Policy as the sole shareholder of Garrison, or that USAA is liable as the sole shareholder of USAA CIC, that kind of argument has been rejected by the Supreme Court of Kentucky. The Court rejected the argument that a corporation and its sole shareholder are interchangeable, holding that corporations are entities that are "separate, apart and distinct" from their owners/shareholders. *Isaacs v. Sentinel Ins. Co.*, 607 S.W.3d 678, 681 (Ky. 2020), citing *Miller v. Paducah Airport Corp.*, 551 S.W.2d 241, 241 (Ky. 1977). Therefore, regardless of Garrison's use of the USAA logo and its indirect ownership by USAA, there is no basis under Kentucky law for predicting that USAA can be liable in the capacity of the insurer of Plaintiffs for either of Plaintiffs' claims.

**B.     Any other insurer is not a proper party.**

Plaintiffs cannot defeat diversity jurisdiction by officiously adding as a party an insurer that did not issue the policy. "Fraudulent joinder ... 'provides an exception to the requirement of complete diversity.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). "A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Id.* (quoting *Alexander v. Elec. Data Sys.*

*Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "The relevant inquiry is whether there is a 'colorable basis for predicting that [Plaintiffs] may recover against [USAA]." *Casias*, 695 F.3d at 433 (quoting *Coyne*, 183 F.3d at 493). When deciding a motion to remand involving fraudulent joinder allegations, the Court "appl[ies] a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." "The court may look to material outside the pleadings for the *limited purpose* of determining whether there are 'undisputed facts that negate the claim." *Id.* (quoting *Walker v. Philip Morris USA, Inc.*, 443 Fed. App'x 946, 955- 56 (6th Cir. 2011); *Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013).

There is no colorable basis for predicting that Plaintiffs may recover against USAA on either of their claims – that USAA issued and breached the insurance contract and that it did so in bad faith. The Declarations Page on file, the full Policy, and the Declaration of Nancy Reinhard establish that the insurer under the Policy is Garrison, not USAA (or USAA CIC). On the other hand, Plaintiffs have correctly alleged that Garrison sold the Policy to them. Apparently, the allegation against USAA is one that arose out of Plaintiffs' uncertainty about the identity of the insurer, or out of Garrison's use of the "USAA" family logo and trade name; but the evidence described above has resolved any basis for uncertainty. Only one insurer issued the Policy, and only that insurer could have breached it.

This Court has explained that, under Kentucky law, a plaintiff must establish the existence of a contract to state a cause of action for breach of contract, which requires establishing that the defendant is a party to the insurance contract. *Griffin v. Middlefork Ins. Agency*, No. 17-215-DLB, 2017 U.S. Dist. Lexis 164274, 2017 WL 4413403 (E.D. Ky. Oct. 4, 2017). "Under Kentucky law, parties may sue for breach of contract only if privity of contract exists" … and "an insurance policy is a contract 'between an insurer and an insured.' *Estate of*

*Riddle ex rel. Riddle v. State Farm Bureau Life Ins. Co.,* 421 F.3d 400, 404 (6th Cir. 2005)." *Id.* at *5. Because the Policy clearly indicates that the parties to the contract are (i) Plaintiffs as the insured and (ii) Garrison as the insurer, the other Defendant (whether USAA CIC or USAA) owed no contractual duty to Plaintiffs, and they have failed to state a colorable breach-of-contract claim against the other Defendant. *Id.* at *6.

Plaintiffs' bad faith claim against USAA also rests on the allegation that USAA was the insurer who issued the Policy and failed to perform under it. "In order to prevail in a bad faith claim, [a plaintiff] must prove that: 1) [the insurer] was obligated under the policy to pay; 2) [the insurer] lacked a reasonable basis in law or fact for denying the claim; and 3) [the insurer] knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether a reasonable basis existed at all." *Baymon v. State Farm Ins. Co.*, No. 4:03CV-184-M, 2006 U.S. Dist. LEXIS 72490, at *6 (W.D. Ky. Oct. 2, 2006) (McKinley, J.), *aff'd* 257 Fed. Appx. 858 (6th Cir. 2007). The Supreme Court of Kentucky has held: "Without that obligation [to provide coverage], the bad faith claim must fail as a matter of law." *Travelers Indemnity Co. v. Armstrong*, 565 S.W.3d 550, 568 (Ky. 2018).

Having not issued the Policy, USAA cannot be obligated to Plaintiffs to pay for claims under the Policy. Therefore, it is clear that there can be no recovery against USAA on the causes alleged in the Complaint under the Policy facts as established and under the controlling law; and the citizenship of USAA should be disregarded in measuring diversity.

For all of the above reasons, diversity of citizenship jurisdiction exists, and the Court should retain jurisdiction over this action.

                                                Respectfully submitted,

                                                /s/ Robert L. Steinmetz
                                                Robert L. Steinmetz

>rsteinmetz@gsblegal.com
>Alexander J. Kuebbing
>akuebbing@gsblegal.com
>Gwin Steinmetz & Baird PLLC
>401 West Main Street, Suite 1000
>Louisville, Kentucky 40202
>(502) 618-5700
>
>*Counsel for Garrison Property and Casualty Insurance Company and USAA Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a copy to:

Keith Bartley, vanoverhall@bellsouth.net
Vanover, Hall & Bartley, P.S.C.
P. O. Box 1378
Prestonsburg, KY  41653


>s/Robert L. Steinmetz

T:\STEINMETZ\USAA\Hall, Ryan v. USAA & Garrison\Response to Motion to Remand.docx