UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 21-4-DLB

RYAN HALL, et al.                                                                                         PLAINTIFFS

v.                               MEMORANDUM ORDER

UNITED SERVICE AUTOMOBILE ASSOCIATION
d/b/a USAA CASUALTY INSURANCE COMPANY, et al.                      DEFENDANTS

*****************

    This matter is before the Court upon Plaintiffs' Motion to Remand (Doc. # 11). Defendant Garrison Property and Casualty Insurance Company ("Garrison") filed a Response in opposition. (Doc. # 13). Plaintiffs did not file a reply, and the deadline to do so under the Local Rules has now elapsed. *See* LR 7.1(c). Accordingly, the Motion is now ripe for the Court's review. For the reasons set forth below, Plaintiffs' Motion to Remand is **granted**.

    Plaintiffs, Ryan and Heather Hall, both citizens of Kentucky, filed this action in the Knott County Circuit Court, bringing state-law claims for breach of contract and bad faith. (Doc. # 1-1). Plaintiffs allege that Defendants violated the terms of their renter's insurance contract by denying a claim for coverage relating to fire damage. (*Id.*). Defendant Garrison removed the case to federal court on January 25, 2021 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. # 1). Due to conflicting assertions Garrison made in the Notice of Removal with respect to Defendants' citizenship, the Court ordered Garrison to show cause as to why the case should not be remanded for lack of

1

removal jurisdiction and to explain its position that Defendant United Service Automobile Association has been fraudulently joined. (Doc. # 6). Garrison responded to that Order, (Doc. # 12), and in the meantime, Plaintiff filed a Motion to Remand, (Doc. 11).[1]

Based on the filings before the Court, the parties appear confused with respect to which entities are named defendants in this case and the citizenship of those defendants. This confusion begins with Plaintiffs' Complaint. The case caption of the Complaint lists two defendants: (1) "United Services Automobile Association d/b/a USAA Casualty Insurance Company" and (2) Garrison, but proceeds to refer to United Services Automobile Association ("USAA") and USAA Casualty Insurance Company ("USAA CIC") as separate defendants in the body of the Complaint. (Doc. # 1-1 ¶ 2). Garrison, in its Notice of Removal, appears to assume that both USAA and USAA CIC are defendants but asserts that the citizenship of these entities should not be considered for purposes of diversity jurisdiction because neither entity issued the relevant insurance policy that forms the basis of Plaintiffs' claims. (Doc. # 1 ¶ 5, 3 n.2). Garrison further argues that these Defendants were fraudulently joined in order to destroy diversity jurisdiction. (*Id.*). Plaintiffs do not clarify whether they intended to name both USAA and USAA CIC as defendants, but it is clear from Plaintiffs' Complaint and Motion to Remand that—at a minimum—USAA has been named as a defendant. In light of this confusion, the Court will assume for purposes of adjudicating Plaintiffs' Motion to Remand that both USAA and USAA CIC, as well as Garrison, are named Defendants in this action.[2]

---

[1]     Plaintiff's Motion to Remand is filed twice on the docket. (Docs. # 10 and 11). The second version (Doc. # 11) corrects a trivial error and will serve as the operative Motion for purposes of this Order.

[2]     In its Response to the Court's Order to show cause, Garrison takes a different approach and assumes that USAA CIS is the only other Defendant. More specifically, Garrison states as

2

The citizenship of the Defendants has also been difficult for the parties to pin down. Plaintiffs' Complaint asserts that the Defendants are each limited liability companies. (Doc. # 1-1 ¶¶ 2-3).  Garrison's Notice of Removal, on the other hand, asserts that Garrison and USAA CIC are Texas corporations with their principal places of business in Texas.  (Doc. # 1 ¶¶ 3, 6).  The Notice of Removal does not specify the citizenship of Defendant USAA, and instead merely argues that USAA was fraudulently joined.  (*Id.* at 3 n.2).  In response to the Court's Order to show cause, Garrison identifies USAA as a "reciprocal interinsurance exchange made up of its Members who reside across the United States."[3]  (Doc. # 12 at 3).  However, Garrison does not identify the citizenship of USAA's members, the relevant criteria for determining citizenship of an unincorporated association.  *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities . . . have the citizenship of each partner or member.").

It is well-settled that as the removing party, Garrison has the burden of demonstrating the basis for federal jurisdiction over the case.  *Mays v. City of Flint*, 871 F.3d 437, 448 (6th Cir. 2017).  Based on Garrison's failure to identify the citizenship of USAA and its argument that USAA has been fraudulently joined, the Court assumes that

---

follows: "If Plaintiffs intended to sue USAA, then there would have been no reason to describe USAA as doing business under the Name USAA CI[C].  Therefore, Garrison's conclusion that USAA CIC is the other Defendant is the only logical one."  (Doc. # 12 at 3 n.2).  Yet, Garrison is not at liberty to simply assume that Plaintiff did not intend to name USAA as a Defendant—a party expressly named as a Defendant in the Complaint.  *See Curry v. U.S. Bulk Transp., Inc.*, 426 F.3d 536, 543 (6th Cir. 2006) (noting that the plaintiff as "master of his complaint" chose to bring his claims against the particular defendants in state court).

[3]     Plaintiff's Motion to Remand similarly identifies USAA as an unincorporated association. (Doc. # 10 ¶ 5).  The corporate disclosure statement filed by USAA CIS also identifies USAA as a reciprocal interinsurance exchange.  (Doc. # 9).

3

the inclusion of USAA as a Defendant would destroy complete diversity of the parties, as is required for jurisdiction under 28 U.S.C. § 1332(a).  Accordingly, the Court will proceed to address Garrison's fraudulent joinder argument.  As shown below, Garrison has not met its burden of demonstrating that Defendant USAA was fraudulently joined.

It is well known that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."  *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  To prove fraudulent joinder, the removing party must present evidence showing that the plaintiff has no cause of action against the non-diverse defendant under state law.  *Id.*  Conversely, "if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court."  *Id.*  Furthermore, "[t]he district court must resolve 'all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party.'"  *Id.* (internal ellipsis omitted) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

Garrison contends that "[t]here is no colorable basis" for recovery on either of Plaintiffs' claims against USAA because Plaintiffs are not in privity of contract with USAA. As Garrison correctly points out, privity of contract is required for successful claims of breach of contract and bad faith in Kentucky.  *Griffin v. Middlefork Ins. Agency*, No. 17-215, 2017 WL 4413403, at *2 (E.D. Ky. Oct. 4, 2017) (collecting cases); *Travelers Indem. Co. v. Armstrong*, 565 S.W.3d 550, 568 (Ky. 2018)).  As support for its argument, Garrison has attached a declaration from USAA's vice president stating that Garrison, and not USAA, was the issuer of Plaintiff's insurance policy.  (Doc. # 12-1).  Garrison has also attached the insurance policy itself, which it claims indicates the same.  (Doc. # 12-2).

4

However, contrary to Garrison's contention, the record is sufficiently ambiguous as to whether USAA was a signatory to Plaintiffs' insurance contract.  To start, the insurance policy, which Garrison attests is the governing contract, (Doc. # 12 at 2 & n.1), does not expressly state which entity is the insurer, and contains numerous references to all three defendants—USAA, USAA CIC, and Garrison, (*see, e.g.*, Doc. # 12-2 at 2, 4, 6 18, 20-22).  The declarations page, for example, includes Garrison's name at the top, but also includes USAA's insignia in the top left corner.  (Doc. # 12-2 at 4).  Moreover, the first page of the policy does not mention Garrison and clearly states that USAA is the entity that determines the amount the insureds pay in premiums.  (Doc. # 12-2 at 2).

Garrison insists that the policy's definitions section unambiguously identifies Garrison as the sole insurer.  (Doc. # 13 at 5).  That section provides that "[i]n this policy, 'you' and 'your' refer to the 'named insured' shown in the Declarations . . . . 'We,' 'us' and 'our' refer to the Company providing this insurance."  (Doc. # 12-2 at 22).  However, "Company" is not defined in the policy, and the name at the top of the page reads "USAA Casualty Insurance Company."  (*Id.*).  Thus, the definitions section hardly establishes Garrison as the one and only insurer on the policy.

By contrast, in *Griffin*, relied upon by Garrison, "[t]he insurance contract clearly state[d] the parties to the contract," making it clear that Plaintiff had not entered into a contract with the non-diverse defendant. 2017 WL 4413403, at *3.  Likewise, in *Daugherty v. American Express Co.* (cited in *Griffin*), the Sixth Circuit concluded that a non-diverse defendant was fraudulently joined when "the contract unambiguously provide[d] that *only* [the diverse defendant] will pay insurance benefits in the event of an Accident."  485 F. App'x 746, 748 (6th Cir. 2012) (applying Kentucky law).

5

Other evidence in the record raises further questions about whether Garrison is the only insurer on the policy.  For instance, a March 6, 2019 claim letter sent to Plaintiff Ryan Hall has Garrison's name at the top but describes Hall as a "USAA Policyholder" and lists Hall's "USAA member number."  (Doc. # 10-3).  The letter proceeds to thank Hall "for trusting USAA for your insurance needs."  (*Id.*).  Hall later received a letter from USAA's retained law firm requesting that he participate in an investigation of his claim.  (Doc. # 10-5).  That letter makes no mention of Garrison and notes that "USAA is investigating all details related to the referenced claims."  (*Id.* at 1).

All told, the record evidence demonstrates a factual dispute regarding whether USAA was one of the entities that issued Plaintiffs' insurance policy and thus whether it may be held liable for breach of contract and bad faith.  In such a case, "[t]he district court must resolve all disputed questions of fact . . . in favor of the non removing party" and "[a]ll doubts as to the propriety of removal are resolved in favor of remand."  *Coyne*, 183 F.3d at 493 (internal quotation marks and punctuation omitted).  Accordingly,

**IT IS ORDERED** as follows:

(1)    Plaintiffs' Motion to Remand (Doc. # 11) is **GRANTED** and this matter is hereby **REMANDED** to the Knott Circuit Court; and

(2)    This matter is **STRICKEN** from the Court's active docket.

This 17th day of September, 2021.



Signed By:
*David L. Bunning*
**United States District Judge**