UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE
CIVIL ACTION NO. 7:21-cv-00004-DLB

RYAN HALL and
HEATHER HALL, his wife                                                              PLAINTIFFS

v.        **GARRISON'S MOTION TO RECONSIDER,
             VACATE, ALTER, OR AMEND**

UNITED SERVICES AUTOMOBILE ASSOCIATION
d/b/a USAA CASUALTY INSURANCE COMPANY
and
GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY        DEFENDANTS

\* \* \* \* \*

On September 17, 2021, the Court granted Plaintiffs' Motion to Remand this matter to the Knott Circuit Court, finding "the record sufficiently ambiguous as to whether USAA was a signatory to Plaintiffs' insurance contract." (Doc. #14 at 5). Defendant Garrison Property and Casualty Insurance Company ("Garrison"), pursuant to FRCP 59(e), hereby moves the Court to reconsider, vacate, alter, or amend its Memorandum Order, and deny Plaintiffs' Motion to Remand. A district court may grant a Rule 59(e) motion if there exists a clear error of law, newly discovered evidence, or an intervening change in controlling law, or to prevent manifest injustice. *See Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). Here, there is no factual or legal support for Plaintiffs' allegation that Garrison's use of the tradename "USAA" could mean that the separate insurance company "United Services

Automobile Association" is in any way obligated to make payments under the insurance policy issued by Garrison to Plaintiffs.[1]

**A.     Facts and Procedural History.**

Plaintiffs, Ryan Hall and Heather Hall, filed their Complaint in Knott Circuit Court, alleging breach of contract under a Rental Property Insurance Policy, (Doc. #1-1 at ¶ 1), and bad faith in handling their claim (*Id.* at ¶ 13). The case caption on the Complaint lists two defendants: (1) "United Services Automobile Association d/b/a USAA Casualty Insurance Company" and (2) Garrison Property and Casualty Insurance Company." (Doc. #1-1 at 1).

USAA Casualty Insurance Company filed an Answer, (Doc. #7), admitting that it was a Texas corporation with its principal place of business in Texas, but advising that it had been incorrectly identified in Plaintiffs' Complaint as a d/b/a of United Services Automobile Association because it is a separate entity. (*Id.* at ¶ 3). USAA Casualty Insurance Company further denied that it issued a Rental Property Insurance policy to Ryan Hall. (*Id.* at ¶ 5).

Garrison Property and Casualty Insurance Company ("Garrison") filed an Answer, (Doc. #5), admitting that it was a Texas corporation with its principal place of business in Texas, (*Id.* at ¶ 4). It further admitted that it issued Rental Property Insurance Policy Number GAR 04200 34 97 80A0 to Ryan Hall. (*Id.* at ¶ 5).

As described in Defendants' Corporate Disclosure Statements, Garrison Property and Casualty Insurance Company is a wholly owned subsidiary of USAA Casualty Insurance Company, who is, in turn, a wholly owned subsidiary of United Services Automobile

---

[1] The undersigned counsel may have contributed to confusion in preparing Garrison's Response to Plaintiffs' Motion to Remand by referring to United Services Automobile Association in shorthand as "USAA." As explained more fully below, "USAA" is a trademarked logo used by several affiliated insurance companies. When used in policy documents, it does not refer to the insurance company United Services Automobile Association unless United Services Automobile Association has been identified on the Declarations Page as having issued the policy. Here, only Garrison is identified as the issuer, next to the "USAA" tradename.

Association. (Docs. #3 and #9). These are three separate insurance companies, not the same entity. These unrebutted facts are established in the Declaration of Nancy Reinhard filed of record at Document #12-1, as supplemented by the attached Second Declaration of Nancy Reinhard attached hereto as Exhibit 1.

In removing the action to this Court, Garrison asserted that the citizenship of United Services Automobile Association and USAA Casualty Insurance Company should be disregarded because they were not issuers of the Rental Property Insurance policy. (Doc. #1 at 3 n.2). After the Court then issued a Show Cause Order, directing Garrison to show cause why the action should not be remanded for lack of diversity jurisdiction, noting that Plaintiffs' Complaint alleged Defendants are limited liability companies, and the record contained no evidence of the citizenship of Defendants' members. (Doc. #6 at 1-2). Additionally, the Court ordered that, if inclusion of United Services Automobile Association does not destroy diversity, then Garrison Property and Casualty Insurance Company must also show why it was fraudulently joined. *Id.*

Shortly thereafter, Plaintiffs filed a Motion for Remand to Knott Circuit Court, alleging that Garrison had failed to establish complete diversity, and attaching various exhibits showing the trademarked logo "USAA" on correspondence received by them with the handling of their claim made under Rental Property Insurance Policy Number GAR 04200 34 97 80A0. (*See generally*, Docs. #10 and 10-2). As explained more fully in Garrison's Response (Doc. #13), those documents refer to the tradename "USAA" and contain the explanation that "USAA" is a tradename used by Garrison, which is explained in the documents with the statement: "Garrison Property and Casualty Insurance Company, a subsidiary of USAA Casualty Insurance Company, is authorized to use the USAA logo, a registered trademark of United Services Automobile Association." Nowhere in the exhibits offered by Plaintiffs, and certainly not in the Policy

issued by Garrison, is there any reference to "United Services Automobile Association" as a party obligated to make payments under the insurance policy issued to Plaintiffs.

In a Memorandum Order, the Court granted Plaintiffs' Motion to Remand, finding "the record sufficiently ambiguous as to whether USAA was a signatory to Plaintiffs' insurance contract," citing the various places that the USAA tradename was used in the documents. (Doc. #14 at 5). Because Garrison established that USAA Casualty Insurance Company is, in fact, a citizen of Texas, the only outstanding issue for determining whether the court has diversity jurisdiction was whether United Services Automobile Association was fraudulently joined.

To supplement the Record regarding the distinction between Garrison's use of the USAA logo, along with its sole obligation to pay under the Policy, from any policy obligation of United Services Automobile Association, Garrison attaches the Second Declaration of Nancy Reinhard. This Declaration establishes that:

- Garrison Property and Casualty Insurance Company is the only insurer that issued Policy number GAR 04200 34 97 80A0 and the only insurer obligated to make payments under the policy.

- Garrison Property and Casualty Insurance Company maintains separate bank accounts under which it meets its financial obligations under the insurance policies that it issues.

- United Services Automobile Association did not issue Policy number GAR 04200 34 97 80A0 and it is not the insurer obligated to make, and it does not make, payments under the policy.

- United Services Automobile Association, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company are separate and distinct legal entities. United Services Automobile Association and USAA Casualty Insurance

Company have separate Boards of Directors and Officers, and each is separately capitalized. Each entity also has separate bylaws and files separate premium tax returns.

- United Services Automobile Association, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company each maintain their own statutory financial statements.

- United Services Automobile Association, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company are separately licensed by the Kentucky Insurance Department and are separately licensed in each state in which they issue and underwrite their particular products.

- USAA Casualty Insurance Company, United Services Automobile Association, and Garrison Property and Casualty Insurance Company file separately from each other the financial statements required by the Kentucky Insurance Department and other state insurance departments.

- USAA Casualty Insurance Company, United Services Automobile Association, and Garrison Property and Casualty Insurance Company file separately from each other the financial statements required by the Kentucky Insurance Department and other state insurance departments.

- The registered trademark logo "USAA" is used by Garrison Property and Casualty Insurance Company and other affiliated companies. For the Policy identified above in this Declaration, it does not refer to the insurance company "United Services Automobile Association."

**B.    Garrison's use of the "USAA" logo does not impose any insurance payment obligations in United Services Automobile Association.**

It is well known that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). To prove fraudulent joinder, the removing party must present evidence showing that the plaintiff has no cause of action against the non-diverse defendant under state law. *Id.*

There is no colorable basis for recovery on either of Plaintiffs' claims against United Services Automobile Association because Plaintiffs are not in privity of contract with it. Privity of contract is required for successful claims of breach of contract and bad faith in Kentucky. *Griffin v. Middlefork Ins. Agency*, No. 17-215, 2017 WL 4413403, at *2 (E.D. Ky. Oct. 4, 2017 (collecting cases); *Travelers Indem. Co. v. Armstrong*, 565 S.W.3d 550, 568 (Ky. 2018).

"Where the terms of an insurance policy are clear and unambiguous, the policy will be enforced as written." *Noble v. Time Ins. Co.*, 11-345-GFVT, 2013 U.S. Dist. LEXIS 66894, at *7 (quoting *American Nat. Bank and Trust Co. v. Hartford Accident and Indemnity Co.*, 442 F.2d 995, 999 (6th Cir. 1971) (applying Kentucky law)). "Barring an ambiguity, [parole] evidence cannot be admitted. 'If the language is unambiguous, the meaning of the language is a question of law, and the intent of the parties must be discerned from the words used in the instrument.'" *Luttrell v. Cooper Indus., Inc.*, 60 F. Supp. 2d 629, 631 (E.D. Ky. 1998) (quoting *Taggart v. United States*, 880 F.2d 867, 870 (6th Cir. 1989)).

The Rental Property Insurance Policy Declarations Page is titled "Garrison Property and Casualty Insurance Company" and the Policy Number assigned is "GAR 04200 34 97 80A0." (Doc. #12-2 at 4, 6). The Court noted that there is the "USAA" logo or insignia on the top left corner at Doc. #12-2 at 4. However, that logo – used throughout the Policy – is not enough to create a colorable basis for Plaintiffs to predict they may recover against the separate insurance

company named United Services Automobile Association. In fact, there is nothing on the Declarations Page or in the Policy that references United Services Automobile Association as the insurer; and there is a stark difference between Garrison's use of the trademarked "USAA" logo and identifying United Services Automobile Association as the insurer.

A similar issue was recently addressed by the Western District of Pennsylvania in *Professional, Inc. v. Progressive Cas. Ins. Co.*, 3:17-cv-185, 2021 U.S. Dist. LEXIS 178964 (W.D. Pa. Sept. 20, 2021). In *Professional*, the plaintiff body shop repaired automobiles that were covered by policies issued by Progressive Advanced Insurance Company, Progressive Specialty Case Insurance Company, United Financial Casualty Company, Progressive Northern Insurance Company, or Progressive Preferred Insurance Company. *Id.* at *5. The automobile owners each signed written authorizations directing the plaintiff to make reasonable and necessary repairs to the automobiles, and the plaintiff executed Assignment of Proceeds Agreements with each of the automobile owners that granted it the contractual right to receive the obligations that the insurer had to its insureds under applicable insurance policies. *Id.* at *3-4.

The plaintiff later filed suit against Progressive Casualty Insurance Company for breach of contract and bad faith, alleging that it had paid only a fraction of the cost of repairs. *Id.* Progressive Casualty Insurance Company filed a motion to dismiss, arguing that the plaintiff could not maintain its claims because the assignors did not have a policy contract with Progressive Casualty Insurance Company. *Id.* at *4-5. The plaintiff body shop argued that Progressive Casualty Insurance Company had held itself out as "Progressive." *Id.* at *10-11. In support thereof, plaintiff produced documents titled only with the "Progressive" logo and

contended that the copyright of "progressive.com" is owned by Progressive Casualty Insurance Company. *Id.* at *12-13.

The court began by noting that, as here, the policy defined the terms "we" and "us" as "the insurance company named on the declarations page." *Id.* at *11-12. The declarations page, in turn, identified prominently the name of the underwriting company that issued the policy. *Id.* The court was not persuaded by the plaintiff's reliance on the letterhead or use of the "Progressive" logo on documents and correspondence where nothing identified the actual insurance company that the plaintiff sued. *Id.* at *12. Moreover, the court noted that, even if Progressive Casualty Insurance Company provided adjustment services for other Progressive corporate entities, that did not make it a party to the underlying insurance contract. *Id.* at *12-13. Ultimately, the court held that the plaintiff's failure to name the appropriate Progressive entity was fatal to its claims for breach of contract and bad faith. *Id.*

A similar result was reached by the Western District of Pennsylvania several years earlier in *Lockhart v. Federal Ins. Co.*, 96-5330, 1998 U.S. Dist. LEXIS 4046 (W.D. Pa. Mar. 31, 1998). In *Lockhart*, the plaintiff brought suit against Federal Insurance Company and Chubb & Son, Inc. for breach of contract and bad faith. *Id.* at *1. The claims arose out of Federal's denial of the plaintiff's claim for flood damage under a renters insurance policy that it had issued. *Id.* at *2-6. Chubb & Son, Inc. filed a motion for summary judgment, arguing that it was not a party to the insurance contract and thus could not be liable for breaching it or for bad faith. *Id.* at 7. Federal was one of eight companies that were members of the "Chubb Group." *Id.* at 6.

In arguing that Chubb & Son, Inc. was a party to the insurance contract, the plaintiff produced a letter written on "Chubb Group of Insurance Companies" letterhead, signed by a claims adjuster for Federal, denying the plaintiff's claim and setting forth the reasons for the

denial. *Id.* at *6. Additionally, the plaintiff cited to the fact that Chubb provided loss adjustment services for Federal and other affiliated companies. *Id.*

However, the court noted that the policy defined "we" as "the insurance company named in the Coverage Summary," and the Coverage Summary named Federal as the company issuing the policy. *Id.* at *2. Chubb & Son, Inc., on the other hand, was not mentioned in the text of the Coverage Summary, although its name did appear in a copyright notation at the bottom of the page, and Chubb & Son, Inc. was not mentioned in the substantive terms of the policy. *Id.* Moreover, Federal readily admitted that it had issued the subject policy and denied the plaintiff's claim under it. *Id.* at *8.

The court reasoned that Federal's use of stationery with a common Chubb Group letterhead or policy forms copyrighted by Chubb did not make Chubb a party to the insurance contract. *Id.* at *7-8. Similarly, the fact that Chubb provided loss adjustment services for Federal did not make it a party to each underlying insurance contract. *Id.*

Similar to the circumstances in *Professional* and *Lockhart*, each Declarations Page here identifies in a prominent location (centered at the top of the page) the name of the underwriting company that issued the policy, "Garrison Property and Casualty Insurance Company," (Doc. #12-2 at 4, 6), and the appearance of the USAA logo, insignia, or copyright on the page does not make any other entity – specifically United Services Automobile Association – a party to the insurance contract. *See e.g.*, *Habecker v. Peerless Ins. Co.*, 1:07-CV-0196, 2008 U.S. Dist. LEXIS 92894, at *29 n.11 (granting summary judgment to Liberty Mutual Insurance Company where its logo appeared next to the Peerless Insurance Company name) and *Walsh v. Maryland, Bank, N.A.,* 91 Civ. 7483 (CSH), 1994 U.S. Dist. LEXIS 4612 (S.D.N.Y. Apr. 14, 1994)

(granting summary judgment for MasterCard because it was not a party to the contract although its logo appeared on it).

The result should be the same here. In its Memorandum Order, the Court notes that "USAA" appears in other portions of the policy.[2] For example, the policy documents include a *separate document* titled "**IMPORTANT MESSAGES**" that states:

> 1)    USAA considers many factors when determining your premium. Maintaining your property to reduce the probability of loss is one of the most important steps you can take. A history of claim activity may affect your coverage.
>
> 2)    Go to usaa.com to view policy coverages and home features.
>
> . . .
>
> 4)    Your Policy does NOT include Personal Liability coverage. For information about obtaining this coverage, call USAA at (800) 531-8722.
>
> 5)    Your Policy does NOT cover loss due to flood from any source. For information about obtaining flood coverage from the National Flood Insurance Program (NFIP), call USAA at (800) 531-8722, or contact the NFIP directly.
> . . .
>
> **THIS IS NOT A BILL.** Any premium charge or return for this policy will be reflected on your next regular monthly statement. To receive this document and others electronically or to view your policy summary online, go to usaa.com. You may also contact us at 1-800-531-USAA (8722).

(Doc. #12-2 at 2).

Similarly, the policy documents include a *separate document* titled "**Your Home Characteristics**" that notes as follows:

> Our mission at USAA is to help protect your financial security. One way we do this is by helping you determine if you're adequately covered in the event of a loss. We can calculate the minimum rebuilding cost of your home based on your home characteristics, but only you can decide if this is enough coverages. Our

---

[2] The Court also references Doc. #12-2 at 20-21 and the reference to USAA Casualty Insurance Company. However, these pages were included in the Exhibit in error and the corresponding pages that were part of Plaintiffs' Rental Property Insurance Policy refer to Garrison and the proper Garrison policy number. A corrected copy of the Policy without these incorrect references is attached hereto as **Exhibit 2**.

>estimates are based on average construction costs and labor costs for geographic areas and may not reflect the unique features of your home or the area you live in.
>
>On the back of this page, you'll find your home characteristics. If any of the information is incorrect, the rebuilding cost may be affected, so please revise any inaccuracies by:
>
>- Logging on to usaa.com, selecting your policy and then Home Characteristics, or
>- Calling us at 210-531-USAA (8722), our mobile shortcut #8722 or 800-531-8722.
>
>. . .

(Doc. #12-2 at 18).

At most, these separate documents indicate that "USAA" determines policy premiums and may provide an estimate of the cost of rebuilding your home in the event of a loss. However, for this Policy, the insurer using the "USAA" trademark was Garrison, and nowhere do the documents reference United Services Automobile Association or make United Services Automobile Association a party to the underlying insurance contract.

It is noteworthy that neither "USAA" nor "United Services Automobile Association" are mentioned at all in the substantive terms of the policy contract. To the contrary, Page 1 of the policy language defines the terms "you" and "your" as the "'named insured' shown in the Declarations," and the terms "we," "us" and "our" as "the Company providing this insurance." (Doc. #12-2 at 22). As previously noted, the Declarations Page identifies in a prominent location the name of the underwriting company that issued the policy, "Garrison Property and Casualty Insurance Company." (Doc. #12-2 at 4, 6). Moreover, Garrison has readily admitted that it issued the Rental Property Insurance Policy.

Because the correspondence and policy-related documents reference only the "USAA" tradename and not United Services Automobile Association, and because the Declarations Page identifies the issuer, Garrison, in a prominent location at the top next to the "USAA" tradename,

Plaintiffs have no colorable basis for asserting that United Services Automobile Association is a party to the Rental Property Insurance Policy.

For all of the above reasons, Garrison moves the Court to reconsider and vacate its Memorandum Order, retain jurisdiction over this action, and deny Plaintiffs' Motion to Remand.

Respectfully submitted,

/s/ Robert L. Steinmetz
Robert L. Steinmetz
rsteinmetz@gsblegal.com
Gwin Steinmetz & Baird PLLC
401 West Main Street, Suite 1000
Louisville, Kentucky 40202
(502) 618-5700
*Counsel for Garrison Property and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a copy to:

Keith Bartley, vanoverhall@bellsouth.net
Vanover, Hall & Bartley, P.S.C.
P. O. Box 1378
Prestonsburg, KY  41653


s/Robert L. Steinmetz